Stephen Johnson was employed by Janet Murrell as an agent to purchase for her a negro girl. He accordingly purchased one of a certain Thomas Pritchett: but, before he delivered her to Mrs. Murrell, he was warned by Benjamin Pritchett not to part with her, as he, the said Benjamin claimed her as his property. He thereupon refused to deliver the said girl to Mrs. Mur-rell, until he should be indemnified for so doing: in consequence whereof an indemnifying bond was executed by Mrs. Mur-rell, with Samuel Murrell her security, conditioned- to be void upon her paying all costs and damages that should be awarded in consequence of the delivery of the negro to her. Benjamin Pritchett brought suit in the County Court of Caroline, and recovered the negro, (or her value, if she was not to be had,) of Johnson, who, on his part, brought an action against Thomas Pritchett, on the warranty in his bill of sale, and obtained judgment ; but the execution was returned “no effects.” After this, Philip B. Johnson, administrator of Stephen Johnson deceased, brought suit on the indemnifying bond, in the District Court of Charlottesville, against Janet and Samuel Murrell, who pleaded “covenants performed,” upon which, issue being joined, the parties went to trial.
At the trial of the cause, the record of *203 Caroline Court was introduced to shew the recovery by Benjamin Pritchett of Stephen Johnson ; but the counsel for the defendants moved the Court to instruct the Jury, “that, by law, the plaintiff could not sustain his action against the defendants, unless he should prove an actual discharge or payment of the amount of said recovery by the defendant Johnson to the plaintiff Pritchett ; but the Court refused to give such instruction to the jury ; on the contrary, instructed them th„at the judgment against Johnson was sufficient to enable the plaintiff: to recover, without proof of payment of the amount of such recovery to which opinion of the Court a bill of exceptions was filed.
The counsel for the defendant moreover moved for an instruction to the Jury, that an action of detinue was still maintainable by Benjamin Pritchett against Janet Mur-rell : and the Court instructed the Jury “that a recovery might so be had of the said slave, unless ihe said Janet could prove the payment of the value of the said slave by Johnson to the said Benjamin Pritchett.” The Jury found a verdict for the plaintiff, and judgment was entered; from *which an appeal was taken by the defendant, Samuel Murrell, to this Court.
Randolph, for the appellant, made two points, 1. That the judgment against Johnson was not sufficient to give him an action, but that he ought to have paid the money first; and 2. That, as the slave was purchased by Johnson with Mrs. Murrell’s own money, an action of detinue might still be maintained against her by Benjamin Pritchett, if the money had never been paid to him ; and therefore she ought not also to be subject to the action of Johnson.
In support of the first point, he contended, that the intention of the bond was to indemnify Johnson against any injury which he should sustain in consequence of delivering the negro; the words being that Janet Murrell should pay all costs and damages awarded against him ; and that there was no evidence of the smallest injury sustained by him, since it did not appear that he had been compelled to pay the money.
In support of the second point, he observed, that if Benjamin Pritchett had received the money of Johnson, his doing so might have been considered as a confirmation by him of the sale of the slaves ; but otherwise not ; — that either his actual receipt of money, or any thing equivalent thereto, which would amount to an abandonment of his claim to the slave, would be sufficient to authorise Johnson’s action against the Murrells ; but, no such circumstance appearing, his right remained undiminished, and might be prosecuted against Mrs. Murrell, in whose possession the slave was.
Nicholas, for the appellee. The spirit of the contract where consistent with the words, is to he followed ; hut not a supposed contract, inconsistent with that entered into by the parties. Here the contract was, that Mrs. Murrell should pay such costs and damages as should be awarded against Johnson ; the plain import of which was that she should pay whatever was recovered of him. It was not a general stipulation to indemnify, but a special agreement to pay whatever should be recovered. If the contract had been as Mr. Randolph contends, its words would have been to refund whatever Johnson was compelled to pay.
The judgment against Johnson was in itself an injury to him, though he had not sat-fied it ; for in an action of detinue hail is required ; and no doubt he gave it: — his person was therefore bound, and his bail might deliver *him up. His having made an ineffectual attempt against Thomas Pritchett, ought not to bar him of his suit for indemnification.
As to the second point, Benjamin Pritchett having made his election to sue Stephen Johnson for the negro, and having obtained judgment, he cannot now sue Mrs. Murrell. That judgment could be pleaded in bar of such suit. But whether this be so or not, if the Court gave an erroneous instruction to the jury, it was an error in favour of the defendants, of which the defendants therefore cannot take advantage.
Randolph, in reply. At law Mrs. Murrell could not discharge herself from this judgment by surrendering the slave to Pritchett. A Court of law does not contemplate what may be done in a Court of equity.
Nicholas. It was in her power to have removed this difficulty before the trial ; because she might have delivered the negro to the sheriff when he had the execution in detinue.
Randolph. She might never have heard of that suit, and was no party to it.
Saturday, October 17.
JUDGE TUCKER,
after stating the case, made the following observations : Although no case was cited at the bar which appeared to be peculiarly applicable to this question, I was struck with the idea that I had seen such a one. The cases of Bush v. Redgeley,(a) and Bothwright v. Harvy,(b) (which latter case is referred to in 3 Bac. Abr. 707, old ed.) are both expressly in point; and in the first it was resolved that, immediately upon the judgment given, the plaintiff was damnified ; for his body, goods, and lands are liable to the execution, and, if he afterwards alieneth his lands, he cannot, by reason of this judgment, warrant it to be free from incum-brance ; so that by the very judgment he is damnified ; and the Court added that, if the defendant, after the judgment, had paid the debt, or, in the case before us, had delivered the negro Benjamin Pritchett, still it would not serve; for Johnson (or the plaintiff in that case) was damnified before. And the same doctrine is expressly repeated in Bothwright v. Harvy.
*There is another point stated in the bill of exceptions, which appears to<
have been very improperly introduced, upon which the Court instructed the jury as requested. No exception was taken to the opinion of the Court, and therefore it seems to me to be unimportant in this case. I shall only say that J do not concur in opinion with Lhe Judge who gave it.
The opinion of the Court was entered as follows :
“This Court, not approving of the opinion and second instruction given by the District *204 Court on the trial of this cause, as stated in the second exception to that opinion filed in this cause, but considering- the instruction as immaterial to the issue tried, is of opinion that there is no error in the first instruction excepted to, nor in the judgment. Therefore it is considered that the said judgment be affirmed.”

 Cro. JSliz. 364.

 Ibid. 369. Owen, 19, S. C.